IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wallace Lindsey Howell *a/k/a Lindsey Howell*, <br><br> Plaintiff, <br><br> v. <br><br> Oracle America, Inc., <br><br> Defendant. | Case No. 6:24-cv-05560-JDA <br><br> **OPINION AND ORDER** |

This matter is before the Court on Defendant's motion to dismiss. [Doc. 29.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate William S. Brown for pre-trial proceedings. On July 11, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion to dismiss be granted for lack of subject matter jurisdiction. [Doc. 66.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 21.] On July 28 and August 11, 2025, Plaintiff filed objections to the Report and Defendant filed a reply. [Docs. 70; 72.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject,

or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Plaintiff's objections.

Plaintiff alleges that "[t]his action arises from [Defendant's] . . . collection, use, and sale of Plaintiff's personal information without [his] knowledge or consent." [Doc. 13 ¶ 2.] The personal information allegedly includes his name, age, physical address, web browsing, brick-and-mortar purchases, location history, financial behaviors, health-related searches, credit card transactions, email addresses, and phone numbers. [*Id.* ¶¶ 26, 46, 48, 51, 52, 55.] Plaintiff also alleges:

> Since January 2020, Plaintiff has experienced a significant and distressing increase in unsolicited emails and text messages from unknown sources. This surge in unwanted communications is believed to be a direct result of [Defendant's] collection, use, and sale of Plaintiff's personal information.

[*Id.* ¶ 27.] He further alleges that "[t]he specificity and relevance of the unsolicited communications strongly suggest that they originate from data collected, processed, and sold by [Defendant.]" [*Id.* ¶ 32.] For this reason, Plaintiff alleges he has suffered a number of harms, including severe emotional distress; risk of identity theft, financial exploitation,

2

and physical injury; and expense of resources in paying for identity theft monitoring services, making repeated attempts to opt out from messaging, and spending over 500 hours in working on the present lawsuit.  [*Id.* ¶¶ 25–29, 42–43, 70–75.]

Plaintiff's current operative pleading alleges causes of action concerning alleged violations of:  the Stored Communications Act, *see* 18 U.S.C. § 2701 et seq. [Doc. 13 ¶¶ 175–85]; the Federal Trade Commission Act, *see* 15 U.S.C. § 45 [Doc. 13 ¶¶ 186–93]; the South Carolina Unfair Trade Practices Act, *see* S.C. Code Ann. § 39-5-10, et seq., [Doc. 13 ¶¶ 194–203, 224–30]; invasion of privacy [*id.* ¶¶ 204–10]; unjust enrichment [*id.* ¶¶ 211–23]; negligence [*id.* ¶¶ 231–36]; and breach of implied contract [*id.* ¶¶ 237–42].

On January 15, 2025, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.  [Doc. 29]; *see* Fed. R. Civ. P. 12(b)(1), (6).  On February 11 and 18, 2025, Plaintiff filed a response opposing the motion and Defendant filed a reply.  [Docs. 36; 39.]

On July 11, 2025, the Magistrate Judge issued the Report, which recommends that Plaintiff's action be dismissed for lack of standing and, alternatively, for failure to state a claim.  [Doc. 66.]

## **DISCUSSION**

The Magistrate Judge concluded that Plaintiff failed to adequately allege standing because Plaintiff's allegations are too speculative to show the harms he alleges are sufficiently traceable to Defendant.  [*Id.* at 7–10.] The Report explains that "[w]hile Plaintiff alleges a connection between solicitations and Defendant's collection based upon '[t]he specificity and relevance of the unsolicited communications *strongly suggest[ing]* that they originate from data collected, processed, and sold by [Defendant] . . . [,]' Plaintiff's

3

speculation is insufficient." [*Id.* at 8–10 (some alterations in original) (citing *Burger v. Healthcare Mgmt. Sols., LLC*, No. RDB-23-1215, 2024 WL 473735, at *6 (D. Md. 2024)); *Hundley v. Thomas*, 719 F. App'x 250, 251 (4th Cir. 2018)); *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 245 (4th Cir. 2023).]

In his objections, Plaintiff argues that the Magistrate Judge erred in reaching that conclusion by ignoring Plaintiff's allegations that the spam Plaintiff received matches his browsing and purchases. [Doc. 70 at 11.] However, the Magistrate Judge addressed this argument in the Report and the Court agrees with the Magistrate Judge's analysis for the reasons explained in the Report. [*See* Doc. 66 at 7–10.] Plaintiff's objection is therefore overruled, and Defendant's motion to dismiss is granted.*

## **CONCLUSION**

In sum, the Court finds Plaintiff's objections unavailing for the reason discussed. Accordingly, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, Defendant's motion to dismiss [Doc. 29] is GRANTED and the action is DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 11, 2025
Greenville, South Carolina

---

* Because the Court dismisses for lack of subject matter jurisdiction on this basis, the Court does not address Plaintiff's other objections. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks omitted).

4

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.